LOUIS MOCK, Respondent, *v.* PETER SAILE, Appellant.

*Offer of judgment — sections 2892 and 3070 of the Code of Civil Procedure, only apply to actions pending in the courts respectively referred to in said respective sections.*

In an action, brought in the Municipal Court of Rochester, the defendant appeared and made a written offer that judgment might be taken against him for thirty dollars, with costs, which the plaintiff did not accept.

Upon an appeal from a judgment, entered in the Municipal Court in favor of the plaintiff for the sum of $141.25, a new trial was had in the County Court and a verdict rendered in favor of the plaintiff for the sum of thirty dollars only; costs were taxed in favor of the plaintiff and inserted in the judgment.

Upon an appeal from an order denying the defendant's motion for a retaxation of costs the plaintiff insisted that his offer, which was made under section 2892 of the Code of Civil Procedure, was a part of the papers and proceedings properly returned by the Municipal Court of Rochester to the County Court, and remained in full force, and was to be considered and to have the same effect on the question of costs as if made after appeal and in compliance with section 3070 of the Code of Civil Procedure, as amended by chapter 522 of the Laws of 1885.

*Held,* that the provisions contained in the said sections as to making offers of judgment were applicable only to actions pending in the courts referred to therein.

That there was nothing in section 3070 to indicate that an offer, which had been made in the Municipal Court of Rochester, should remain in force, or be of any value to the defendant in this action, after the same had been removed by appeal to the County Court for retrial.

Appeal from an order of the Monroe County Court, which was entered in the office of the clerk of the county of Monroe on the 18th day of September, 1888, denying the defendant's motion for a retaxation of the costs in an action originally commenced in the Municipal Court of Rochester.

The recovery in that court was for the plaintiff in the sum of $141.25, from which the defendant appealed, and in the County Court the verdict was for the sum of thirty-five dollars only. The action was founded upon contract for the recovery of money only. Costs were taxed in the plaintiff's favor and inserted in the judgment-roll.

*P. B. Hulett,* for the appellant.

*S. D. Bentley,* for the respondent.

BARKER, P. J.:

The defendant appeared in the Municipal Court on the return of the process and made a written offer that judgment might be taken against him for thirty-five dollars, with costs, which the plaintiff did not accept. On the trial in the County Court the plaintiff had a verdict for thirty-five dollars only.

The right of the defendant in an action in the Municipal Court to make an offer of judgment is given by section 2892 of the Code of Civil Procedure, and the effect of it is, if the same is not accepted, that the plaintiff shall not recover costs from the time of service of the offer, if he fails to obtain a more favorable judgment. This is the only provision on the subject, and the section of the Code in which it appears is found in chapter 19, entitled "Courts of Justices of the Peace and proceedings therein." This and other sections of that chapter are applicable to actions commenced in the Municipal Court of Rochester. The appellant insists that this offer was a part of the papers and proceedings properly returned by the justice to the County Court, and remains in full force, and is to be considered and to have the same effect on the question of costs as if made after appeal, in pursuance and in compliance with the provisions of section 3070, as amended by chapter 522 of Laws of 1885. We cannot concur in giving these sections the construction contended for by the appellant. The provisions contained in the said sections as to making offers of judgment are applicable only to actions pending in the courts referred to, respectively. There is nothing in section 3070 indicating that an offer which may have been made in the court below shall remain in force or be of any avail to the defendant in the action after the same has been removed by appeal to the County Court for retrial. It is expressly provided in that section that "upon an appeal, provided for in this article, * * * either party may, within fifteen days after service of the notice of appeal, serve upon the adverse party, or upon his attorney, a written offer to allow judgment to be rendered in the appellate court in favor of either party for a specified sum." Clearly indicating that the offer must be an original one ; and, as further indicating that such is the meaning of the section, a right is also given the respondent to make an offer, which he did not have in the court below. The concluding paragraph of the section declares the effect of the omission by either

party to make and serve an offer as provided by that section, and it is expressed in these words, viz: "The party in whose favor the verdict, report or decision in the appellate court is given shall be entitled to recover his costs upon the appeal." The defendant not having made an offer of judgment in the County Court, where he demanded a retrial, he is required to pay costs, as the plaintiff had the verdict.

The order appealed from should be affirmed, with ten dollars costs.

DWIGHT and CHILDS, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.